Pearson, C. J.
 

 We are of opinion that the defendant has ;no cause to complain of the ruling of his Honor.
 

 
 *370
 
 1. The evidence as to the cow was admissible as a part of the “
 
 res
 
 gestee,” and also as forming a part of the conversation at the time the plaintiff claimed the horse as his father’s property; so it could not well have been separated, and was a relevant circumstance to show what was the entire arrangement between the parties.
 

 2. The objection that the arrangement was a fraud upon the Confederate Government is fully met by the case of'
 
 Blossom
 
 v.
 
 Van Amringe,
 
 1 Phil. Eq., 133. Indeed it was not insisted upon in this court.
 

 3. At the time the plaintiff claimed the horse as his father’s, property, the defendant himself put an end to the bailment by disavowing the relation and asserting an absolute property in himself. This gave the plaintiff a good cause of action in replevin, detinue or trover, and it was complete without a formal tender of the note. The defendant, by his conduct, dispensed with the necessity of a formal tender;, for why make it, as the defendant asserted an adversary title ?
 

 4. The plaintiff in giving testimony, said he did not remember tendering the note, “ though I intended to give it up, it is here now,” evidently meaning “ for the purpose of being given up;” and after the evidence was closed, it was-entirely proper for his Honor', in order to remove all -uncertainty, to enquire what disposition the plaintiff proposed to. make of the note; for, as we have seen, after what took, place when the horse was demanded, and what occurred at the trial, the cause of action was complete without a formal tender of the note.
 

 5. The defendant has no cause to complain that, in summing up, which he seems to have done very fully on both, sides, his Honor suggested a view as
 
 coming from the plaintiffs' counsel,
 
 instead of one which he was at liberty to suggest as coming from himself, which he might have apprehended would give it some undue influence. Indeed, when*
 
 *371
 
 I was on the Superior Court bench this mode of summing-up was very usual, lest the jury might attach more importance to an argument suggested for their consideration by the Judge, than if it was put in the shape of coming from the counsel
 

 6. His Honor properly declined to give the charge requested as to the effect of possession, for the reason stated by him.
 

 Per Curiam. There is no error.